UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVAN ARYA,

        Plaintiff,

        -v-

**DECISION and ORDER**
12-CV-925S

ENSIL TECHNICAL SERVICES, INC.,

        Defendant.

## INTRODUCTION

Plaintiff, Kevan Arya, has filed this pro se action against Ensil Technical Services, Inc. ("Ensil"), his former employer, alleging that he was wrongfully terminated in retaliation for a complaint he made to the United States Occupational Health and Safety Administration ("OSHA") relating to unsafe working conditions. Plaintiff also alleges that in Ensil's formal response to his OSHA complaint, Ensil made false accusations against him and defamed him when it asserted, *inter alia*, that Plaintiff was not competent to perform the work of an Electronic Repair Technician. (Docket No. 1, Complaint, ¶¶ 1, 2, 3.1, "Relief," ¶ 3, and Attachment 1 (Ensil's attorney's letter to OSHA in response to Plaintiff's complaint to OSHA alleging retaliation.[1]) Plaintiff seeks reinstatement, back pay, and $250,000 in punitive damages. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is granted and the complaint must be dismissed for lack of subject-

---

[1] *See Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998) ("the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"); *see also Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because he has met the statutory requirements of 28 U.S.C. § 1915(a), Plaintiff is granted permission to proceed *in forma pauperis*.

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Additionally, the issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Assoc. of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (citations omitted).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d

Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

"A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* Plaintiff an opportunity to amend or to be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed

in stating a claim." *Abbas,* 480 F.3d at 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Based on its evaluation of the complaint, the Court finds that Plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because they fail to state a claim upon which relief may be granted and because the Court lacks subject-matter jurisdiction over Plaintiff's claims.

### A. Plaintiff's CLAIMS

As noted above, Plaintiff alleges that he was wrongfully terminated by Ensil in retaliation for a complaint he made regarding health and safety conditions at Ensil and that Ensil defamed his character and made false accusations against him when it stated in its response to Plaintiff's OSHA complaint that Plaintiff was not competent to perform his job as a Technician with Ensil. The basis of jurisdiction is alleged to be "diversity" because Ensil's "employees are citizens of another country." (Complaint, ¶ 1.) Plaintiff alleges that his three co-workers were Canadian. (*Id.,* ¶ ¶ 1, 2.2, 2.4.)

Plaintiff was employed by Ensil from November 1 through November 17, 2010. According to OSHA's written findings regarding Plaintiff's retaliation complaint, Plaintiff contacted the New York State Public Employee Safety and Health Bureau on November 5, 2010, and complained that he was exposed to a spray coating without proper ventilation. This information was forwarded to OSHA, which conducted an investigation on November 12 and November 17, 2010, Ensil was issued citations as a result of the OSHA investigation. (Complaint, Attachment 3.) *See* n.1, *supra.*

### 1. OSHA Retaliation

To the extent Plaintiff claims herein that he has a claim under OSHA's anti-retaliatory provisions, see 29 U.S.C. § 660(c), it must be dismissed because "under OSHA, employees do not have a private right of action." *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir.1983) (citing *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980)); see also *Vinson v. New York City Dep't of Corr.*, 2006 WL 140553, at * 8 (E.D.N.Y. Jan. 17, 2006) (("OSHA does not contain a private right of action."). Accordingly, any claim of retaliation by Plaintiff against Ensil for Plaintiff's complaint of an OSHA violation cannot be sustained in this Court under OSHA. See *Taylor*, 616 F.2d at 262-63 (holding that OSHA did not create a private right of action whereby employees discharged in retaliation for reporting safety violations could maintain a suit against their former employers).

### 2. Wrongful Termination/Defamation: Subject-Matter Jurisdiction

Plaintiff's complaint can also be construed as alleging claims of wrongful termination, defamation, and intentional infliction of emotional distress. (Complaint, ¶ 1 and Relief, ¶ 1.) See, e.g., *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a pro se Plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). These claims must be dismissed because (1) the Court does not have subject-matter jurisdiction over them, see 28 U.S.C. § 1332, and (2) the Court declines to exercise supplemental jurisdiction over them, see id., § 1367(c).

To the extent Plaintiff's claims can be construed as alleging claims of wrongful termination, defamation, and intentional infliction of emotional distress, these claims are, at most, state law claims.[2] For a federal district court to have subject-matter jurisdiction over state law claims, Plaintiff must plead diversity of citizenship jurisdiction. It is well-settled that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "In other words, federal subject-matter jurisdiction based on diversity is unavailable unless [Plaintiff's] pleadings demonstrate that it does not share citizenship with any of the defendants-appellees." *Advani Enterprises, Inc., id.* (citing *John Birch Society v. National Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967)).

Plaintiff's complaint alleges that the basis of jurisdiction is "diversity ... because the involved defendant's employees are citizens of another country." (Complaint, ¶ 1.) Ensil, the defendant and Plaintiff's former employer, is alleged to be "located in New York" and the complaint provides an address for Ensil in Lewiston, New York. (Complaint, Caption and ¶ 1.) These allegations fail to demonstrate diversity of citizenship of jurisdiction because Plaintiff and defendant are both "citizens" of the same state. *See* 28 U.S.C. § 1332(a)(1) and (c). Plaintiff provides an address for himself in Niagara Falls, New York, and a corporation is deemed a citizen of both the state in

---

[2] New York does not recognize common law claims for wrongful termination. *See Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d., 293, 300-01, 461 N.Y.S.2d 232, 233, 448 N.E.2d 86 (1983).

which it is incorporated and the state where it has its principal place of business. (*Id.*, § 1332(c)). Because both Plaintiff and Ensil are citizens of New York, Plaintiff has failed to demonstrate that this Court has jurisdiction over any remaining state law claims. Accordingly, the complaint must be dismissed for lack of subject-matter jurisdiction.

While the Court recognizes that it may dismiss a case *sua sponte* for lack of subject-matter jurisdiction, generally a district court must provide Plaintiff with notice and an opportunity to be heard before dismissal. *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir.1994) ("The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim, so long as the Plaintiff is given notice and an opportunity to be heard.") (internal citations and quotation marks omitted); *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir.1988) (*sua sponte* dismissal of complaint for failure to state a claim is improper unless the Plaintiff is given notice and an opportunity to respond). The Court finds, however, that providing Plaintiff with notice and leave to file an amended complaint would be futile because Plaintiff fails to state a claim of either defamation or intentional infliction of emotional distress.

Even assuming Plaintiff's complaint states a claim for defamation under New York law,[3] the alleged defamatory statements were made in Ensil's response to Plaintiff's formal complaint of retaliation with the OSHA. Those statements are therefore subject to the absolute privilege that attaches to alleged defamatory statements "made prior to, in the institution of, or during the course of, a proceeding."

---

[3]To establish a claim for defamation, a Plaintiff must prove: "(1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Angio-Medical Corp. v. Eli Lily & Co.*, 720 F.Supp. 269, 272 (S.D.N.Y.,1989) (citing Restatement (Second) of Torts § 558, at 155 (1964).

*Long v. Marubeni Am. Corp.*, 406 F.Supp.2d 285, 293-95 (S.D.N.Y.2005) (discussing the absolute privilege that attaches to "defamatory statements made prior to, in the institution of, or during the course of, a proceeding" (quoting Sack on <u>Defamation: Libel, Slander, and Related Problems</u>, § 8.2.1.4 at 8-14 (2004))); *see also Weitz v. Wagner*, 2008 WL 5605669, at * 7 (E.D.N.Y., August 8, 2008 ) (Report & Recommendation adopted by District Judge Korman, August 11, 2008) ("Statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made....") (internal citations and quotation marks omitted). This privilege applies equally to statements submitted to agencies such as OSHA. *See Daniels v. Alvarado*, 2004 WL 502561, at **7-8 (E.D.N.Y. Mar. 12, 2004) (Plaintiff's libel claim against defendants for statements submitted on behalf of their employer to the New York State Division of Human Rights are protected by absolute privilege); *Allen v. St. Cabrini Nursing Home, Inc.*, 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) (dismissing defamation claim based on employer's submission to the EEOC); *Hinds v. Magna Fabrics, Inc.*, 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997) ("It is well settled in New York ... that statements made in quasi-judicial proceedings, including proceedings by agencies such as the EEOC, are protected by an absolute privilege."). This Court finds no basis to distinguish OSHA from the EEOC or New York State Division of Human Rights ("NYSDHR"), for purposes of the privilege. *See Viruet v. Citizen Advice Bureau*, 2002 WL 1880731, at *23 (August 15 ,2002) (the absolute privilege applied to

employer's statements made to New York State Department of Labor regarding Plaintiff's eligibility for unemployment benefits).

Similarly, Plaintiff's "claim" of intentional infliction of emotional distress, fails to state a claim upon which relief can be granted and therefore would be subject to dismissal even if the Court had subject-matter jurisdiction over it. To sustain a claim for intentional infliction of emotional distress in New York, Plaintiff must satisfy four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of, causing severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699, 702 (1993) (N.Y.1993). The extreme and outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable to a civilized community." *Murphy*, 58 N.Y.2d at 303, 461 N.Y.S.2d at 236, 448 N.E.2d at 90 (internal quotations and citation omitted).

The statements made by Ensil's attorneys in Ensil's response to the OSHA retaliation complaint relating to the reasons for Plaintiff's termination fall far short of any type of extreme and outrageous conduct that would support a claim of intentional infliction of emotional distress. *See Alexander v. Westbury Union Free School Dist.*, 829 F.Supp.2d 89 (E.D.N.Y. Nov. 4, 2011) ("Courts have rarely recognized a claim for intentional infliction of emotional distress in an employment context, and when they have, the claim also included a claim of sexual battery.") (internal quotations and citation omitted).

9

Accordingly, because Plaintiff's remaining state law claims fail to state a claim upon which relief can be granted, there is no basis to provide Plaintiff leave to amend his complaint to establish that this Court has subject-matter jurisdiction over Plaintiff's state law claims.

Lastly, even assuming the complaint sufficiently alleged claims of defamation and intentional infliction of emotional distress, this Court would decline to exercise "supplemental jurisdiction" over them, see 28 U.S.C. § 1367(c), because the only federal claim set forth in Plaintiff's complaint--OSHA retaliation claim--is being dismissed. *See, e.g., Castellano v. City of New York*, 142 F.3d 58, 74 (2d Cir. 1998) ("In light of the district courts' proper dismissals of the federal claims ... district courts did not abuse their discretion in declining to exercise supplemental jurisdiction over the state claims." (citing 28 U.S.C. § 1367(c)(3); *Castellano v. Board*, 937 F.2d 752, 758-59 (2d Cir. 1991) (affirming district court's dismissal of pendent state constitutional claims in light of dismissal of all federal constitutional claims)).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of

Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 Led.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDERS

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is granted;

FURTHER, that the complaint is dismissed with prejudice and the motion for appointment of counsel (Docket No. 3) is denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED

Dated: December 12, 2012
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court